IN THE MATTER OF THE PROBATE OF THE WILL OF TRUST FELIX GOURAUD, DECEASED.

*Filing allegations, and contesting probate of a will within one year — the statute does not authorize a second contest upon the same issues — the citation must issue upon the allegations so filed, within one year.*

Section 30 of 2 Revised Statutes (p. 61), provides that, "notwithstanding a will of personal propery may have been admitted to probate, any of the next of kin to the testator may, at any time within one year after such probate, contest the same."

Section 31 provides that the contestant shall file in the office of the surrogate his allegations against the validity of such will; and section 32 directs the surrogate, upon the filing of such allegations, to issue a citation to the executors.

*Held,* that the object of such provisions was not to allow the next of kin, on the application for the probate of the will, to file objections and contest it and its probate before the surrogate; and, also, within one year after the decree admitting the will to probate, to file the same objections theretofore taken thereto, and enter upon a new contest on the issues already tried.

That, where allegations were filed, under the statute, on the day before the expiration of the year succeeding the probate of the will, and no citation was issued until some three months thereafter, that the contestant was not entitled to the benefit of the statute.

That the statute requires that the contest to open the probate shall be effectively begun within the year; and not only that the allegations shall be filed, but that a citation shall be issued thereon within that time.

APPEAL from an order of the surrogate of the county of New York, dismissing all proceedings to contest the probate of the last will and testament of Trust Felix Gouraud, deceased, upon allegations filed within one year after its admission to probate.

*Wm. M. Mullen,* for Andreas H. Gouraud, appellant.

*Wm. H. Waring,* for the executors, respondents.

Davis, P. J. :

The will of the testator was propounded for probate in June, 1877. Citations were thereupon issued, amongst others, to Andreas H. Gouraud, the present appellant. He appeared in answer to the citations and filed objections to the probate of the will, in substance the same as the allegations afterwards filed by him. The contest over said will was continued by a series of hearings before the surrogate, and resulted in a decree of the Surrogate's Court admitting the will to probate on the 16th of February, 1878. The contestant appealed, in due time, from said decree to this court, where his appeal was pending until dismissed for want of prosecution.

On the 15th of February, 1879, and within one year from the entry of the decree, the appellant filed allegations in the Surrogate's Court contesting the validity of such will, under part 2, chapter 6, title 1, article 2. of the Revised Statutes, and claiming that the probate of such will should be revoked. The reasons stated in his allegations were in substance the same as the objections filed by appellant on his appearance to contest the will. No citation was taken out on such allegations until the 19th of May, 1880. (A year and three months after the decree admitting the will to probate.) After service of the citation on the executrix of the will a motion was made by her in the Surrogate's Court for the dismissal of the proceedings on two grounds : First. That the contestant had already litigated the same questions before the Surrogate's Court. Second. That the proceedings to set aside the probate and contest the will were not commenced within one year after the will had been admitted to probate.

The learned surrogate granted the motion, as appears by the order on both grounds, but in his opinion he considered only the second ground.

We are of opinion that the disposition made by the learned surrogate was correct on both grounds. Section 30 (2 R. S., 61) provides, that "notwithstanding a will of personal property may have been admitted to probate, any of the next of kin to the testator may, at any time within one year after such probate, contest the same, or the validity of such will, in the manner herein provided." And subsequent sections provide that the contestant shall file in the

office of the surrogate his allegations in writing against the validity of such will, or the competency of the proof thereof, and that upon the filing of such allegations the surrogate shall issue a citation, to the executors and other parties in interest, to show cause why the probate should not be revoked; the service of which citation "suspends all proceedings in relation to the estate of the testator, except the collection and recovery of moneys, the payment of debts, until a decision shall be had upon such allegations." (2 R. S., 61, 62, §§ 31, 32, 33.) The object of these provisions was to give time and opportunity to the next of kin to contest the will and its probate at any time within the prescribed period of one year after probate. He was not debarred by the service of the original citation, nor by his appearance at the original hearing, nor by his objections to the will upon grounds not affecting its validity or the capacity of the testator. But we are of opinion that it was not intended that the next of kin might appear before the surrogate and contest the will and its probate upon grounds affecting the validity of the will and the capacity of the testator and then after a long continued contest resulting in a decree affirming the will and admitting it to probate, might also within one year after the decree, file the same allegations and enter upon a new contest of the issues already tried. A broad construction would give that force to the strict language of the statutes; but we think they ought to be construed with a view to the manifest intent of the legislature, which was to secure to the next of kin an opportunity fully to contest the will and its probate, and when such contest had not been had to prevent the probate from operating as a bar if proceedings to contest it are taken within one year after a decree.

A construction permitting another contest on the same grounds as those adjudicated upon in the one already had, opens a door to immense embarrassments and difficulties in settling the estates of testators which are altogether unnecessary to protect the rights of contestants. If the law be such that, after a long contested trial over the sanity of a testator, occupying the court for months or years, the contestant is at liberty, within a year after an adverse decree is entered, to refile the same allegations and renew the same controversy, and thereby *ipso facto* to suspend the functions of the executor and prevent the settlement of the estate and payment

of legacies till the same litigation is repeated, the statute works a great injustice instead of preserving a valuable right.

But on the second ground we concur with the opinion of the learned surrogate.

The new allegations were filed one day within the year after the decree. No citation was taken out till some three months afterwards. The statute intends to require that the contest to open the probate shall be effectively begun within one year after the decree. That is not done by simply filing allegations. If it be, then there is no period for the beginning of the new contest; for the contestant can as well wait three years, or ten, or any other period, before suing out his citation, if only his allegations be filed. No mode is provided for forcing him to take and serve the writ. The filing of the allegations stays no proceedings and gives no notice to the executor. He may proceed, therefore, and indeed must, as required by statute, to pay off debts, legacies, make distribution and close his accounts, and by final decree settle the estate, and yet be liable to be brought into court, at any indefinite time afterwards, to contest the validity of the will and of his appointment. If upon such a contest the probate be revoked and the will annulled, what are the consequences and what protection has the executor when all his proceedings, though taken in accordance with statute, fall to the ground?

The construction given by the surrogate prevents such unnecessary evils, by requiring that the proceeding shall become effective within the year by filing the allegations and the issuing of the citation. It gives such force to the language of the statute as fully protects the rights of the next of kin to institute a controversy of all questions affecting the will and the legality of the probate, and at the same time guards against the great evils that might flow from a contrary construction.

We are, therefore, of opinion that the order appealed from should be affirmed, with costs.

BRADY and DANIELS, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.